PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TONY ROSALES, | ) | CASE NO. 4:11CV114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CANTEEN MARTIN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

Before the Court is *pro se* Plaintiff Tony Rosales' Motion to Amend his complaint in this *forma pauperis* cause of action, pursuant to 42 U.S.C. § 1983. ECF No. 5. The Court hereby grants Plaintiff Tony Rosales' Motion to Amend the Complaint[1] and, after review, dismisses the cause of action for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e).

**I. Discussion**

**A. The Amended Complaint**

The Amended Complaint alleges that Plaintiff, an inmate at the Northeast Ohio Correctional Institution, was charged with an institutional violation connected with his work as a

---

[1] The amended complaint names the following defendants: Bunny Martin, Nilsa Diaz, Canteen Correctional Service, N. Leprocina, Jullian Shane, Dennis Johnson, Roddie Rushing, Northeast Ohio Correctional Center, and Corrections Corporation of America. ECF No. 5-1.

(4:11CV114)

cook. ECF No. 5-1 at 1, 4-6. Although he was found not guilty of the violation after a hearing, he lost his job as a cook and now works as an inmate orderly earning less money. ECF No. 5-1 at ¶ 43, 56. Plaintiff asserts a violation of his First, Eighth and Fourteenth Amendment rights. ECF No. 5-1 at 7. Plaintiff seeks preliminary and permanent injunctive relief against the following:

> (1) Defendant Canteen Correctional Services reprimand Defendants Diaz and Martin for abusing their discretion and authority;
>
> (2) Defendant Corrections Corporation of America and Canteen Correctional Services to improve the work conditions of inmate food service workers and submit proofs of such improvement every six months to Plaintiff;
>
> (3) Defendants Correction Corporation of America, Rushing and Johnson reprimand Defendant N. Laprocina for abusing his discretion and authority;
>
> (4) Defendant Corrections Corporation of America must provide better training so that officers and staff members will not abuse inmates and establish stricter standards of punishment for officers and staff members who abuse inmates[;] [and,]
>
> (5) Transfer Plaintiff to another facility, prefer[ably] a facility not operated by Corrections Corporation of America.

ECF No. 5-1 at 8. Plaintiff also seeks compensatory and punitive damages. ECF No. 5-1 at 8.

**B. No Viable Claim Under § 1983**

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Caldwell v. McNutt, 158

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section

(4:11CV114)

Fed.Appx. 739, 740 (6th Cir. 2006) ("A district court must dismiss a complaint filed by a prisoner in *forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted."). In order to state a viable claim under § 1983, a plaintiff must allege the following: "(1) he was deprived of a right, privilege, or immunity secured by the federal constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law." Carter v. Tucker, 69 FedAppx. 678, 680 (6th Cir. 2003); *see also* Flagg Bros. v. Brooks, 436 U.S. 149, 155-56 (1978). "A property right or liberty interest must be implicated in order to state a claim for a denial of procedural due process." Carter, 69 Fed.Appx. at 680; *see also* Sandin v. Conner, 515 U.S. 472, 477-78 (1995).

As a threshold matter, Plaintiff's allegation that he has not been restored to his former job as a cook does not amount to a constitutional deprivation. "A prisoner has no constitutional right to prison employment or a particular prison job." Carter, 69 Fed.Appx. at 680 (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989)).[3]

Plaintiff also does not have an inherent constitutional right to remain free of disciplinary confinement. Sandin, 515 U.S. at 484-86, 115 S.Ct. 2293. As previously stated, the Disciplinary Hearing Officer dismissed and expunged Plaintiff's disciplinary conviction. ECF No. 5-1 at ¶

---

1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[3] "[T]he Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." Carter, 69 Fed.Appx. at 680.

(4:11CV114)

43. Plaintiff simply alleges a loss of privileges and placement in segregation. ECF No. 5-1 at ¶ 41-42. Similarly, Plaintiff does not have an inherent constitutional right to placement in a particular security classification or housing assignment. *Carter*, 69 F.ed.Appx. at 680 (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)).[4]

Further, false accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights when the charges are adjudicated in a fair hearing. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *see also Jackson v. Madery*, Nos. 04-1805, 04-1871, 2005 WL 3077136, at *6 (6th Cir. May 30, 2006); *Jackson v. Hamlin*, No. 02-2040, 2003 WL 1194246, at *2 (Mar. 11, 2003); *Munson v. Burson*, No. 98-2075, 2000 WL 377038, at *3 (6th Cir. April 7, 2000). In the instant case, Plaintiff received a disciplinary hearing at which he was cleared of the charges.

Thus, even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(discussing court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

---

[4] A liberty interest may arise if the defendant's actions imposed "atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

(4:11CV114)

## II. Conclusion

The Court hereby dismisses Plaintiff Tony Rosales' cause of action pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.

| | |
|---|---|
| April 28, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |